UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DANNY GEORGE SAWYERS | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| DANNY GEORGE SAWYERS | : | |
| Respondent | : | CASE NO. 1-24-bk-01769 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 26th day of September, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Debtor(s)' plan violates §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income required. The Trustee alleges and avers that debtor(s) disposable income is greater than the monthly amount committed to the plan based upon the means test calculation. Even plans that pay a 100% dividend to unsecured creditors are required to pay the monthly means test minimum amount, unless the plan pays a 100% dividend to unsecured creditors and interest is paid to unsecured creditors at the federal judgment interest rate. See *In re Parke,* 369 B.R. 204 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the plan, as required by the Mean Test. Should be $139,574.00.

Case 1:24-bk-01769-HWV    Doc 23    Filed 10/02/24    Entered 10/02/24 11:10:02    Desc
Main Document    Page 1 of 2

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. The plan is underfunded relative to claims to be paid – 100% plan.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 2nd day of October, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Dawn Marie Cutaia, Esquire
Fresh Start Law, PLLC
1701 West Market Street
York, PA 17404

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee